

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S. C. Hoyle, Jr.,
Assistant County Attorney
Brazos County
Bryan, Texas

Dear Mr. Hoyle:

Opinion No. O-5476

Re: Whether or not the County Court
of Brazos County may lawfully be
designated as a Juvenile Court under
the terms of Senate Bill No. 44, 48th
Legislature.

You propound to us for an opinion the question
stated above.

Section 4 of Senate Bill No. 44 passed at the
Regular Session of the 48th Legislature is as follows:

"There is hereby established as follows in
each county of the state a court of record to
be known as the Juvenile Court, having such
jurisdiction as may be necessary to carry out
the provisions of this Act.

"In counties having juvenile boards, such
boards may designate the County Court or one or
more of the District Courts to be the Juvenile
Court or Courts for such county, and such desig-
nation may be changed from time to time by such
juvenile boards. In all other counties the Dis-
trict Court or the County Court shall be the
Juvenile Court as agreed between the judges of
each respective courts, but until such time such
County Court and District Court shall have con-
current jurisdiction in cases of children coming
within the terms of this Act.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"It is provided, however, that the juris-
diction, powers and duties thus conferred and
imposed upon the established courts hereunder
are superadded jurisdictions, powers and duties,
it being the intention of the Legislature not
to create hereby another office."

Article 5139 of the Revised Civil Statutes insofar
as pertinent is as follows:

"In any county having a population of one
hundred thousand or over, according to the pre-
ceding Federal census, the judges of the sever-
al district and criminal district courts of
such county, together with the county judge of
such county, are hereby constituted a Juvenile
Board for such county. * * *."

According to the 1940 census, Brazos County has a
population of 26,977.

We assume that your inquiry -- which you state has
been made upon the request of both the District Judge and
the County Judge -- arises out of the fact that Section 11
of S. B. No. 436, Ch. 96, approved March 26, 1917, creating
the 85th Judicial District, composed of Robertson and Brazos
Counties, declares:

"That the County Court of Brazos County
shall have and exercise the general jurisdict-
ion of probate courts, shall probate wills,
appoint guardians of minors, idiots, lunatics,
persons non compos mentis and common drunkards,
grant letters testamentary and of administra-
tion, settle accounts of executors, administra-
tors and guardians, and transact all business
appertaining to estates of deceased persons,
minors, idiots, lunatics, persons non compos
mentis and common drunkards including parti-
tion, settlement and distribution of estates
of deceased persons and to apprentice minors
as provided by law, and to issue all writs
necessary for the enforcement of its own juris-
diction, to punish contempt under all such pro-
visions as are now or may be provided by the
general law governing county courts throughout
the State; and the said county court of Brazos
County shall have no other jurisdiction, civil
or criminal."

Honorable S. C. Hoyle, Jr. - page 3

This Section, of course, does not abolish the County Court of Brazos County. On the contrary, it merely diminishes the jurisdiction of that court, and the County Court as such is as much a part of the judiciary as before.

Since Brazos County's population is less than one hundred thousand, there is no Juvenile Board for that county. So that, as provided in Section 4 of the Juvenile Act, the County Court may act concurrently with the District Court as a Juvenile Court, and upon an agreement between the judges of these courts, it would become the sole Juvenile Court for that county.

While the manner of agreement between the judges is not provided by the Act, nevertheless we think it should be evidenced by orders of each, duly entered upon the minutes of their respective courts.

Any conflict in S. B. No. 498 and S. B. No. 44 must be resolved in favor of the latter.

FILED AUG 2 1947    Very truly yours

ATTORNEY GENERAL OF TEXAS

ASSISTANT
ATTORNEY GENERAL   By

Ocie Speer
Assistant

OS-MR



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN